UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE et. al.,<br><br>Defendants. | Case Nos. 24-cv-6883-PJH<br>24-cv-6885-PJH<br>24-cv-6924-PJH<br>24-cv-6925-PJH<br>24-cv-7260-PJH<br>24-cv-7261-PJH<br>24-cv-7263-PJH<br>24-cv-7264-PJH<br>24-cv-7265-PJH<br>24-cv-7311-PJH<br>24-cv-7312-PJH<br>24-cv-7313-PJH<br>24-cv-7315-PJH<br>24-cv-7316-PJH<br>24-cv-7319-PJH<br>24-cv-7320-PJH<br>24-cv-7321-PJH<br>24-cv-7322-PJH<br>24-cv-7323-PJH<br>24-cv-7378-PJH<br>24-cv-7380-PJH<br>24-cv-7381-PJH<br>24-cv-7382-PJH<br><br>**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE** |

Plaintiff, a state prisoner, filed multiple pro se civil rights complaints under 42 U.S.C. § 1983. Plaintiff is a condemned prisoner who also has a pending federal habeas petition in this court with appointed counsel. *See Bonilla v. Ayers*, Case No. 08-0471 YGR. Plaintiff is also represented by counsel in state court habeas proceedings. *See In*

*re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

    Plaintiff presents nearly identical claims in these actions. He names as defendants various federal and state judges and state courts. He seeks relief regarding his underlying conviction or how his other cases were handled by the state and federal courts.

    To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases, he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case No. 13-0951 CW.

    The allegations in these complaints do not show that plaintiff was in imminent danger at the time of filing. Therefore, he may not proceed IFP. Moreover, even if an IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987). Accordingly, the cases are dismissed with prejudice. The court notes that plaintiff has an extensive history of filing similar frivolous cases.[1]

    Furthermore, these are not cases in which the undersigned judge's impartiality might be reasonably questioned due to the repetitive and frivolous nature of the filings. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases assigned to that judge).[2]

---

[1] The undersigned is the fourth judge assigned cases filed by plaintiff. This is the 68th order issued by the undersigned since April 30, 2020, pertaining to 922 different cases. Plaintiff filed 962 other cases with the three other judges since 2011.

[2] Plaintiff names the undersigned as a defendant in three of these cases, though presents no specific allegations. *See* Case Nos. 24-6925; 24-7261; 24-7311. Plaintiff does not seek recusal, nor is recusal warranted considering the frivolous nature of the cases.

1    The clerk shall terminate all pending motions and close these cases.  The clerk
2  shall return, without filing, any further documents plaintiff submits in these closed cases.
3    **IT IS SO ORDERED.**
4  Dated: October 24, 2024

                                                    /s/ Phyllis J. Hamilton
                                                   PHYLLIS J. HAMILTON
                                                   United States District Judge